DEBT.                      **Cummins, &c. *vs* Cassily.**

*Case* 18.             APPEAL FROM THE MASON CIRCUIT.

*Abatement.    Bonds for costs.    Partners.    Seals.*

*Sept.* 17.       JUDGE BRECK delivered the opinion of the Court.

The case stated.    CASSILY brought an action of debt against Cummins, &c. the appellees, and recovered judgment, from which they have appealed to this Court.

. The defendants filed their plea in abatement averring that the plaintiff was a non-resident of the State of Kentucky, and that he had failed to give a sufficient and valid bond for costs, as required by law.   The plaintiff replied that before the institution of his suit a good and sufficient bond for costs had been executed, and he made profert of the bond.   The bond exhibited is signed, ''Payne & Waller by John McNeil, specially authorized,'' with a seal affixed to the signature of Payne & Waller.

The only question for our determination is, whether the writing thus signed is the bond of Payne & Waller, or either of them.   It appeared from the testimony upon the trial, that John McNeil had signed the name of Payne & Waller to the writing, upon the following authority: ''The Clerk or Deputy will sign our names as security for costs, Payne & Waller.''   That this writing or authority was in the hand writing of H. Waller, of the firm of Payne & Waller, practising lawyers in the city of Maysville, Kentucky; that the firm of Payne & Waller, consisting of said Waller and Thomas Y. Payne, was amply good for the costs of the suit, and that each member of the firm was entirely sufficient.   It further appeared that John McNeil was a Deputy Clerk in the office of the Mason Circuit Court, and that under the authority as stated, he had signed the name of ''Payne & Waller'' to the writing.

The law and facts having been submitted to the Judge, he found the issue for the plaintiff.

The authority, in virtue of which the bond was signed, is not under seal, but even if it were, it would be insufficient to render Payne liable upon it. The doctrine is well settled and recognized by various decisions of this Court, that one partner cannot, by the mere authority resulting from the partnership, bind a co-partner by a writing under seal; additional authority granted by seal, is necessary to authorize such an act. If Waller, therefore, had signed the name of the firm to the bond, with a seal, it would not have been the bond of Payne, and if he could not, by signing the bond himself, bind his partner, it follows of course, that he could not vest the Clerk with authority to do it. It results, therefore, that the bond was invalid as to Payne; *Trimble* vs *Coons*, (2 *A. K. Marshall*, 375; 1 *B. Monroe*, 199,) and other cases, sustain this position.

Is the bond valid as against Waller? Can the agent without authority under seal, bind his principal by a sealed instrument? The unbroken current of decisions is to the contrary. The principle is asserted by this Court in the case referred to of *Trimble* vs *Coons*, in *Southard* vs *Steele*, (3 *Monroe*, 435,) and *McMurtry* vs *Frank*, (4 *Monroe*, 41.) But it is urged in this case, that the authority was sufficient to authorize the Clerk to execute the bond without a seal, which would have been equally binding as with one; that the annexation of the seal was unauthorized and should, therefore, be disregarded ; and at any rate, that the bond is binding upon Waller. But if the bond is binding upon him, it would, upon the same reasoning and principle, be binding upon Payne or Payne & Waller. But we have very clearly shown that the instrument is not binding upon Payne. The principle contended for would lead to this—that although one partner cannot bind another by a sealed instrument, yet if the instrument would be equally binding without a seal, that both partners should be bound by it notwithstanding the seal, but the law has not been so held. We must take the bond as it is, a sealed instrument, and as such it is not the bond of either Payne or Waller; the letter of attorney to the Clerk is not of the dignity of a sealed instrument; it does not belong to that class of writings which,

*Margin notes:*

CUMMINS, &c. *vs* CASSILY.

One partner cannot, by the mere authority resulting from the partnership, bind his co-partner by writing under seal, but additional authority under seal, is necessary to authorize such an act.

An agent without authority under seal, cannot bind his principal by a sealed instrument.

The offer to give a valid bond for costs, upon the part of a non-resident, after plea in abatement filed, for that cause does not avoid the plea.

by the act of 1812, is raised to the dignity of writings under seal.

It is further urged by counsel, that the annexation of the seal was a clerical misprision, which the Court should have authorized the Clerk or the party to amend. We cannot so consider it. The signing of the bond was no part of the duty of the Clerk; besides, the bond is right; it is the *power* that is defective. The offer to acknowledge the first bond and the execution of a second valid bond, after the defendants filed their plea, did not cure the error in failing to give a sufficient bond in time.

The failure to annex a seal to the *power* may seem an unimportant matter, and the annexation of the seal equally so; but we must remember that *stare decisis* is an important rule, if we wish to preserve the stability of judicial decisions. We are constrained to reverse the judgment and to remand the cause, with directions to enter a judgment for the defendants, upon their plea in abatement.

*Beatty* for appellants: *Payne & Waller* for appellee.

