Wood et al. vs. Boyd.

---

## WOOD et al. vs. BOYD.

TRUST DEED: *Sale under, by assignee in bankruptcy.*

In ejectment by B. against W. & K., it appeared that S. had executed his deed of trust to Ragland Bro. & Co., to secure the payment of certain notes, empowering them, their agent, attorney or assignee, on default, to sell. S. subsequently made warranty deed, with relinquishment of dower, to the property in question, to W., who took and held possession. On the bankruptcy of Ragland Bro. & Co., their assignee sold the property and B. became the purchaser: *Held,* 1. That the assignee in bankruptcy had the legal right to sell the property under the power in the deed of trust, without resort to a court of chancery. 2. That, notwithstanding the property was in the possession of W., claiming it adversely at the time of the assignee's sale, the legal title vested in the purchaser, so as to enable him to maintain his action in his own name. 3. That a deed will not be void for uncertainty, as to the grantee, if the grantee be so described that he may be made certain or discovered by proof *aliunde.*

PRACTICE: *In trial of fact by the court, what should be stated in writing.*

In trials of fact by the court, the facts should be found and stated in writing, and such statement should be separate from the conclusions of law declared, and the record on appeal ordinarily should show the facts and conclusions of law so stated and declared, where the same are excepted to.

APPEAL from *Ashley* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.
*J. W. Van Gilder*, for appellants.
*English, Gantt & English*, for appellee.

SEARLE, J.    This was an action in the nature of ejectment, brought by Boyd against Wood and Kirkpatrick, for the possession of certain real property, situated in Ashley county. The defendants appeared and answered, admitting possession in themselves, denying title in plaintiff, and asserting title in defendant Wood.    By consent of parties the court tried the issues sitting as a jury — found for the plaintiff, and entered judgment accordingly, from which the defendants, saving sundry exceptions to the rulings of the court, appealed.    The following is the substance of the evidence, *pro* and *con.*, introduced on the trial, as appears from the record.

The appellee, in order to establish his title to the property in controversy, introduced a deed of trust from one William H. Scott to Ragland Bro. & Co., of the property, which was duly executed, acknowledged and filed for record on the 4th day of June, 1867.    This deed of trust was intended to secure the payment of certain notes which Ragland Bro. & Co. held against Scott, and contained a power of sale empowering them, or their agent, attorney or assignee, on the maturity of the last note due, in default of the payment of the notes, or any part of them, at that time, to sell the property and apply the proceeds of the sale to the payment of the same, the balance of the proceeds, if any remained after the payment of the notes, to go to the grantor in the trust deed.

The appellee next introduced a deed of conveyance of the property executed to the appellee on the 22d day of July, 1869, by J. W. Westcott, as assignee in bankruptcy of the copartnership estate and effects of R. R. Ragland, William B. Ragland and J. D. Mickle, known by their firm name and style of Ragland Bro. & Co.

Wood et al. vs. Boyd.

It further appears by an agreed statement of facts between the parties incorporated in the record, that Westcott was the assignee, in bankruptcy, of the firm of Ragland Bro. & Co., and that an assignment of their partnership and individual estates had been made to him prior to the assignee's sale and the making of the assignee's deed to the appellee; and that William H. Scott died on the 12th day of May, 1868.

The appellants, in order to establish the title in appellant Wood, introduced a warranty deed of the property executed by Wiliam H. Scott, his wife Janette A., joining in the conveyance, in relinquishment of her right of dower, to appellant Wood, which was filed for record on the 17th day of August, 1867.

The court declared the following propositions of law as being the law of the case :

" 1. The assignee in bankruptcy had the legal right to sell the property, under the power in the deed of trust from William H. Scott, without resort to a court of equity.

"2. The deed of Scott, with relinquishments of his wife's right to dower, conveyed no interest to Wood in the property, but only barred her right of dower at her husband's death.

" 3. Notwithstanding the property was in the possession of Wood claiming it adversely at the time of the assignee's sale, the legal title vested in the purchaser, so as to enable him to maintain his action in his own name."

To the declarations of these propositions of law the appellants excepted, and these exceptions were the only ones taken to the rulings of the court in the trial of the cause.

The finding upon the facts by the court does not appear in the record of this case.

In trials of fact by the court, the facts should be found and stated in writing. Sec. 11, art. 7, Const. And such statement should be separate from the conclusions of law de-

clared. Sec. 364, Code Civil Practice. And the record on appeal ordinarily should show the facts and conclusions of law so stated and declared where the same are excepted to.

But notwithstanding this deficiency of the record in this case, we shall be able to dispose of it on its merits, as the only exceptions taken were to the declared propositions of law and as the evidence so clearly presents the facts. And in disposing of it, we will assume that these legal propositions purport to be conclusions of law, from the facts so plainly presented by the evidence.

As the appellants admitted that they were in the possession, the only allegations that were incumbent upon the appellee to establish were his title and right of entry. The first and third propositions of law will be considered together, as they both relate to the same matters.

And first, as to the conveyance by trust deed to Ragland Bro. & Co.

It is insisted by appellants that this conveyance was void for uncertainty as to the grantees.

It is a requisite of a good deed conveying real property, that it should contain the name of the grantee, the object of the name being to distinguish the person or persons named from all others. But it is a principle well settled and of universal application in real estate conveyancing as expressed in the maxim, "*id certum est quod certum reddi potest,*" and from this principle the rule has been deduced by the courts that a deed will not be void for uncertainty as to the grantee, if the grantee be so described that he may be made certain or discovered by proof *aliunde.* 3 Washb. on Real Prop., 236–241 ; Broom's Leg. Max., 481–483.

The trust deed was made to Ragland Bro. & Co. This is indeed an imperfect description of the parties, grantees, and not one of them can be definitely ascertained from the deed

alone.   But the grantees are designated as an association of persons, and the association is identified by the family name of one of the parties and by the mention of his brother as an associate; and we think that this description under the above mentioned rule was sufficient to enable the court to complete the description of the association by proof other than the deed, and make certain the persons intended as the grantees. Certainly there could be no difficulty in discovering who Ragland of this association was by the simple ascertainment of his Christian name ; nor who his brother was, by ascertaining his name, he being one of the firm, nor who the party was, designated as company, by ascertaining his name, for whoever he was, the association included him and he is to that extent described.

We know that this is carrying the rule to its utmost extent, but we think not to an unreasonable extent.   We are aware, too, that the authorities are conflicting upon this question, and that *Gossett v. Kent*, 19 Ark., 607, and some other cases, do not support the above conclusion.   We will not pretend, therefore, that the question is entirely free from doubt, but the justice in this case is clearly in favor of giving validity to the trust deed, and we do not think that law ought to be separated from justice, where it is, at most, doubtful.

Ragland Bro. & Co. became bankrupts; Westcott was appointed their assignee, and an assignment was made to him of all the estate of the bankrupts.

Westcott, as assignee in bankruptcy of the partnerships and individual estate and effects of R. R. Ragland, William D. Ragland and J. D. Mickle, known by their firm name and style of Ragland Bro. & Co., sold and conveyed by deed under and by virtue of the power contained in the trust deed, the property in question, to the appellee.   Now no objection was made, on the trial, to the introduction of this assignee's

deed in evidence of the conveyance to the appellee. If R. R. Ragland, William B. Ragland and J. D. Mickle were not the parties known as Ragland Bro. & Co., or by their firm name of Ragland Bro. & Co., and therefore not the grantees in the trust deed, the appellants should have objected to the assignee's deed as evidence, and the court would have excluded or disregarded it as inadmissible; or at least the court would have given the appellee the opportunity of introducing further, *aliunde*, proof that those parties were the identical parties known as Ragland Bro. & Co., and therefore the grantees in the trust deed. No objection having been made to the assignee's deed as evidence, it must be taken to be proof of what it purports to be; that is, of a conveyance of the property in controversy, by Westcott as assignee in bankruptcy of R. R. Ragland, William B. Ragland and J. D. Mickle, known by their firm name of Ragland Bro. & Co., to the appellee; and taken in connection with the trust deed, it sufficiently identifies the grantees therein. Consequently the trust deed was not void for uncertainty as to the grantees.

Upon the execution of the trust deed to Ragland Bro. & Co., Scott was divested of all his right and title to the property, with the exception of the right to redeem any time before the sale under the power contained in the trust deed, and the right of possession until his default in the payment of the debt; and after default and sale, the right, only, to the residue of the proceeds of the sale after the payment of the debt The deed from Scott to appellant Wood conveyed no more to him than Scott's rights and interests.

The assignment in bankruptcy vested the legal title in the assignee; and after the default in the payment of the debt, he clearly had the right to sell under the power in the trust deed; and his sale and deed, in evidence thereof, conveyed the legal estate to appellee. He has, therefore, the legal right

to possession, and this action was his proper remedy. This being the case, the propositions of law under consideration were properly declared.

We will now consider the second proposition of law declared by the court.

Scott's wife did not join in the execution of the trust deed in relinquishment of her right of dower, but joined in the execution of the warranty deed to appellant Wood, in relinquishment of her right of dower, and after the date of this latter deed, and before the institution of this suit, Scott died. It is contended by appellants that this relinquishment of right of dower vested in appellant Wood, an estate in one-third of the property during the life of the widow. It is unnecessary to determine what interest, if any, accrued to Wood by the relinquishment of the right of dower. We may, however, safely assume that he could not possibly have a greater interest than the widow, had she not relinquished her right of dower. Before the death of her husband, a widow has merely a right of dower, a right prospective and contingent. Upon the death of her husband, it is no longer prospective and contingent, but present and fixed; and yet no dower estate vests, no title accrues until the legal assignment of dower. *Carnall v. Wilson*, 21 Ark., 62; *Jacoway v. McGarrah*, id., 347.

At most, Wood had no such estate or title by virtue of this relinquishment of the right of dower as would enable him, in this case, to defeat to that extent the title of the appellee.

The second proposition of law, now under consideration, is clearly erroneous so far as it declares that "The deed of Scott, with relinquishment of his wife's right of dower, conveyed no interest to Wood in the property;" for, as above shown, this deed conveyed to Wood all Scott's rights, and his rights were a right to redeem, to possession until default in the payment of the debt secured by the trust deed, and to the residue, if any

remained, of the proceeds of the sale of the property, in the event of its sale, after the payment of the debt.

As to whether this proposition of law is erroneous where it declares that such sale by Scott to Wood, with relinquishment of his wife's right of dower, "only barred her right of dower at her husband's death," we think it unnecessary to determine here. We are of opinion, however, that the declaring of this second proposition of law was in no manner prejudicial to appellants' rights, as the finding and judgment of the court below were according to the law and evidence.

Finding no error in the judgment, the same is affirmed.