## ADAMSON vs. HARTMAN AND WIFE.

1. **DEED:** *Blanks in, must be filled before delivery.*
   A deed executed and duly acknowledged by the grantor with the place for the name of the grantee and the consideration left blank, does not become his deed until the blanks are filled ; and an agent cannot fill them in the grantor's absence without his authority in writing.

APPEAL from *Garland* Circuit Court.

HON. J. M. SMITH, Circuit Judge.

*G. W. Murphy,* for Appellant.

Appellees had only a right of possession, which could be transferred by mere delivery of possession without deed, the

Adamson v. Hartman and Wife.

premises being in the Hot Springs Reservation. *Pratt v. Young,* 1 *Utah,* 347, affirmed in *Cannon v. Pratt,* 9 *Otto,* 619; *Cain's Heirs v. Young,* 1 *Utah,* 362; *Stringfellow v. Cain,* 9 *Otto,* 611; *Cain v. Leslie,* 5 *Ark.,* 313; *Glantor v. Anthony,* 15 *Ark.,* 543–553.

*R. G. Davies* for Appellees.

"A deed in due form, signed and acknowledged by the grantor does not become his deed until the name of the grantee is inserted therein, and an agent cannot insert the name of the grantee in the absence of the grantor unless his authority be in writing.' 41 *Cal.,* 85; *Story on Agency, Sec.* 49 and notes; *Dunlap's Paley on Agency,* 157; 33 *Tex.,* 139; 6 *Mess. and W.,* 200; 5 *Ark.,* 525; 3 *Scam.,* 26; 11 *Ill.,* 544 11 *Geo.,* 174; 5 *B. Mon.,* 435; 6 *Allen,* 305; 9 *Id.,* 387; 5 *How., (Miss.).* 71; 3 *Iredell,* 300; 3 *Harris,* 468; 23 *Gratt.,* 153; 1 *Geenl. Ev.,* 568a; 1 *Story, Eq.,* 395; II *Minors Inst.,* 634; 1 *Smiths, S. C., pt.* 2, *p.* 1170–1162–1166: *Gantt's Dig. Sec.* 851–2.

SMITH, J.   Franz Hartman was the owner of a house and lot in Hot Springs, worth $700 or $800.   As he expected to be absent for a long time in Colorado, he left this property in charge of his wife, it being their residence, and also left with her a paper writing signed and acknowledged by himself and wife, and purporting to convey the premises; but the name of the grantee and the amount of the consideration were in blank.   The design was to enable her more readily to sell the property and to save the trouble and delay consequent upon forwarding to him in Colorado a deed for his execution and its return.   It was intended that the blanks should be filled whenever she should find a purchaser and the price should be settled.

Adamson afterwards obtained possession of this paper, inserted his own name as grantee and three hundred dollars as the consideration and caused it to be recorded in the reg-

istry of deeds for Garland County. His version is that he bought the property outright from Mrs. Hartman, who was authorized by her husband to sell, and that he paid her the price agreed upon, $300, and that the blanks were filled with her knowledge and consent. Mrs. Hartman, however, declares that it was by fraud and artifice that he got hold of the instrument; that she never sold nor agreed to sell him the property ; that he pretended to take a great deal of interest in her affairs and invented a story that her creditors were about to begin legal proceedings against her; that in order more effectually to aid and advise her, he begged to see her private papers, which were delivered to him for purposes of examination only and that he afterwards refused to return them. She denied that he paid her $300, or any sum whatever, in full or partial payment of the lot, but admits that on two different occasions she accepted from him loans of money, amounting to $50, and that he paid for her a furniture bill of $......

Adamson further says that he then leased the house to Mrs. Hartman for $50 a month payable monthly in advance and there is in the record a paper, purporting to be a lease to Mrs. Hartman, signed by Adamson and attested by a witness. This lease she says was handed to her by Adamson as a sham lease to show to her ceeditors, his advice being that she should pretend she had sold out to him.

Mrs. Hartman continued to occupy the premises for five months after this lease, during which she paid no rent. Adamson gave her notice to quit, and brought an action of unlawful detainer against her. In her answer she denied the demise from Adamson and alleged that she was in possession in right of her husband, who was the owner of the premises.

Hartman was upon his own petition made a co-defendant, the cause was by consent transferred to the Equity docket

Adamson v. Hartman and Wife.

and Hartman setting up his ownership of the property, deny-ing that either he or his wife was tenant to Adamson, and stating that the instrument he had left with his wife had been obtained from her by false and fraudulent representa-tions, and praying that the same might be cancelled as a cloud upon his title.

The Circuit Court annulled the deed, but charged the ad-vances made to Mrs. Hartman, as well as the amount of a certain incumbrance which Adamson had removed, upon the lot.

As the Hartmans have not appealed, we need not enquire whether there was any error in the latter branch of the de-cree.

An instrument of writing, purporting to be a conveyance, signed and acknowledged by the grantor, and othewise in good form, does not become his deed until the name of the grantee and the amount of the consideration are inserted therein.    And an agent can not fill such blanks in the gran-tor's absence, unless his authority is in writing.  *Hibblewhite v. McMorine* 6, *Mees. and Wels,* 200 ; *Squire v. Whitton,* 1 *H. L. Cases,* 333 ; *Cross v. State Bank,* 5 *Ark.,* 525 ; *Upton v. Archer,* 41 *Cal.,* 85; *Viser v. Rice,* 33 *Tex.,* 139 ; *Mano v. Werthing,* 3 *Scam.,* 26 ; *Bragg v. Fessender,* 11 *Ill.,* 544 ; *Cummins v. Cassilly,* 5 *B. Mon.,* 74 ; *Burns v. Lynde,* 6 *Allen,* 305 ; *Bashford v. Pearson,* 9 *Id.,* 387 ; *Williams v. Crutcher,* 5 *How. (Miss),* 71 ; *Graham v. Holt,* 3 *Iredell,* 300 ; *Wallace v. Hamstead,* 3 *Harris,* 468; *Preston v. Hull,* 23 *Grattan,* 600.

DEED: Blanks in must be fill-ed before delivery.

As Adamson has no right of possession against the hus-band he can have none against the wife, who must be con-sidered as holding under and in subordination to her hus-band's title.    *Chaafe v. Oliver,* 1 *McCrary,* 629.

Affirmed.