WILLIAMS v. COURTON.

Opinion delivered November 15, 1926.

1.  DEEDS—DESIGNATION OF GRANTEE.—An instrument purporting to
    be a deed which left the grantee's name a blank does not become
    operative until the name of the grantee is inserted.

2.  FRAUDS, STATUTE OF—CONVEYANCE OF LAND—SIGNATURE BY AGENT.
    —An agent to fill in the name of the grantee in a deed must have
    written authority from the principal.

3.  HOMESTEAD—JOINDER OF WIFE IN CONVEYANCE.—A homestead can-
    not be conveyed by a husband without his wife joining in the deed.

Appeal from Benton Chancery Court; *Lee Seamster,*
Chancellor; affirmed.

STATEMENT BY THE COURT.

Clarence C. Courton and Izora B. Courton, his wife,
brought this suit in equity against Clyde V. Seale and
Leo Williams to cancel and set aside a deed purporting
to have been executed by them to said Clyde V. Seale
and a quitclaim deed to the same land executed by Clyde
V. Seale to Leo Williams.

The material facts are as follows: Clarence C.
Courton and Izora B. Courton were husband and wife,
and they owned, as their homestead, the forty acres of
land in controversy, in Benton County, Arkansas, the
title to which was in the name of Clarence C. Courton.
The latter also owned two farms in Oklahoma, containing
ninety and sixty acres, respectively. In June, 1923,
Courton and his wife temporarily moved from their home
place in Benton County, Arkansas, to his Oklahoma farm,
which was some sixteen miles away. The two Oklahoma
farms were incumbered by mortgages.

On June 5, 1923, Courton and his wife went to the
office of a lawyer in Oklahoma, in a town near where his
farms were situated, and had him prepare three deeds,
using Oklahoma forms. One deed was made in favor
of Clarence C. Courton, purporting to convey to him the
forty acres of land in controversy in Benton County,
Arkansas. This deed was signed by Izora B. Courton,
and neither the deed nor the certificate of acknowledg-

ment contained any reference to her homestead or dower in the land. Another deed purported to convey ninety acres of the Oklahoma land to Clarence C. Courton. This deed was also signed by Izora B. Courton. A third deed was executed by Clarence C. Courton to Izora B. Courton, conveying to her the remaining sixty acres of the Oklahoma land. Courton and wife took all three of these deeds home with them, and that night it was decided that all the lands referred to should be traded for land in Kansas, where the Courtons had formerly lived. To carry out this plan, it was decided to erase the name of the grantees as written in the deeds, and Clarence Courton was given verbal permission by his wife to insert the name of the grantee when he should trade for the Kansas land near their old home. Pursuant to this plan, all three deeds were turned over to Clarence C. Courton, and he carried them to Kansas with him, and stayed there about a month without trading for any land. In the meantime his wife remained on their farm in Oklahoma.

In the early part of July, 1923, Clarence Courton left Kansas in an automobile with L. E. Williams and J. R. Lloyd, and went to Flagler, Colorado. After they arrived at Flagler, Lloyd introduced Clarence C. Courton to Clyde V. Seale, and Courton agreed to trade his Benton County land for a tract of land in Colorado. In order to carry out the trade, Courton delivered to Seale the deed for the Benton County land, in which the name of the grantee had been left blank, and, signing the deed himself, authorized the notary who took his acknowledgment to insert the name of Clyde V. Seale as grantee in the deed. This was done. Lloyd and Williams were present, and knew about the trade between Seale and Courton for the Benton County land. On the next day, which was the 12th day of July, 1923, Williams purchased the Benton County land from Seale and received a quitclaim deed therefor.

Mrs. Izora B. Courton refused to give up possession of their homestead in Benton County to Williams, and

repudiated the transaction entirely. She joined with her husband in bringing this suit to cancel the two deeds to the Benton County land above referred to.

Other facts are shown in the record, but, inasmuch as they have no bearing on the issue raised by the appeal, they need not be stated.

The chancellor, among other things, found that the deed to the Benton County land, delivered by Clarence C. Courton to Clyde V. Seale, had no grantee named in it, and that it was delivered without the knowledge or consent of Izora B. Courton, and that said land was at the time the homestead of Clarence C. Courton and Izora B. Courton, his wife. The court held that the deed was void because it had the name of no grantee written in it at the time of its delivery. A decree was entered of record in accordance with the findings of the chancellor, and to reverse that decree L. E. Williams has duly prosecuted an appeal to this court.

*Williams & Williams* and *Tom Williams,* for appellant.

*A. L. Smith,* for appellee.

HART, J., (after stating the facts). The record shows that the forty-acre tract of land in controversy in Benton County, Arkansas, was the homestead of Clarence C. Courton and Izora B. Courton, his wife. Izora B. Courton first signed a deed conveying said land to her husband, and an Oklahoma form, which neither mentioned her homestead nor her dower, was used. Subsequently it was decided to erase the name of Clarence C. Courton as grantee in the deed and to leave the name of the grantee blank. When Clarence C. Courton made the trade with Clyde V. Seale and delivered the deed to him, the deed was blank as to the grantee. This court has held that an instrument purporting to be a deed, in which a blank has been left for the name of the grantee, is not operative, and that written authority to fill in the blank is necessary.

In *Adamson* v. *Hartman,* 40 Ark. 58, the court said: "An instrument of writing, purporting to be a convey-

ance, signed and acknowledged by the grantor, and otherwise in good form, does not become his deed until the name of the grantee and the amount of the consideration are inserted therein. And an agent cannot fill such blanks in the grantor's absence, unless his authority is in writing.''

Numerous cases are cited in support of the decision, and, whatever may be the rule elsewhere, it is settled in this State that the instrument in question could not become the deed of the grantor unless the name of a grantee was inserted, and that that act could not be performed by an agent, in the absence of the principal, unless his authority was in writing. It is not claimed that Clarence C. Courton had any written authority to insert the name of Clyde V. Seale as grantee.

The chancellor found that the forty-acre tract of land in question was the homestead of Clarence C. Courton and his wife. His finding in this behalf is supported by the evidence in the record. Under our statute, Clarence C. Courton could not convey the homestead without his wife joining in the deed. *Pipkin* v. *Williams*, 57 Ark. 242, 21 S. W. 433; *Ferrell* v. *Wood*, 149 Ark. 376, 232 S. W. 577, 16 A. L. R. 1033; and *Miles* v. *Jerry*, 158 Ark. 314, 250 S. W. 34.

It follows that the decree of the chancellor was correct, and it will be affirmed.