TREECE *v.* TREECE.

4-8328                                          205 S. W. 2d 711

Opinion delivered November 17, 1947.

W. F. Reeves, for appellant.

Willis & Walker, for appellee.

MINOR W. MILLWEE, Justice. E. B. Treece was the owner of several tracts of land in Searcy county, Arkansas, where he died intestate in 1918 survived by his widow, Patti Treece, and five children as his only heirs at law. Appellee, Eugene Treece, is the oldest of said children and appellant, Winston Treece, is next in age. There was no administration of the E. B. Treece estate and his widow rented and paid taxes on the lands until her death in 1942. The heirs of E. B. Treece also inherited a lot in the City of Marshall, Arkansas, from their grandfather, J. E. Treece who died in 1926. In 1937, appellant executed and acknowledged a deed to appellee conveying his undivided one-fifth interest in the lands and all other claims of appellant to the E. B. Treece estate. This instrument was recorded on March 23, 1940.

The instant suit was instituted by appellant on August 27, 1946, to cancel the deed which he executed to appellee in 1937. The complaint alleged that appellant signed and acknowledged the deed omitting the name of a grantee, and left the instrument with his mother for safekeeping with no authority given anyone to insert the name of a grantee therein. It was further alleged that no consideration was received for the deed and that it was never delivered to appellee; that the instrument was recorded without the knowledge or consent of appellant and did not become a deed for the reason that a grantee

was not named therein. It was prayed that the instrument be cancelled and appellant decreed to be the owner of an undivided one-fifth interest in the lands described therein, and for an accounting of all moneys received by appellee from the E. B. Treece estate. An amendment to the complaint was filed alleging that appellee and other heirs of E. B. Treece, deceased, had attempted to convey one tract of land belonging to the estate to Stella Goddard in March, 1946, and it was asked that she be made a party defendant to the suit. The Citizens Bank of Marshall, Arkansas, intervened alleging that it held a mortgage on the lands conveyed to Stella Goddard and was without notice of any claim, or right, of appellant in said lands.

In his answer appellee alleged that the 1937 deed was delivered to him by appellant in consideration of the payment and cancellation of a debt of $1,235 which appellee loaned and advanced to his brother at various times from 1933 to 1935 in order to finance his college education; that after appellant finished school, he attempted to settle the indebtedness on several occasions by conveying his undivided one-fifth interest in his father's estate to appellee; that the offer was finally accepted and appellant delivered the deed to appellee who placed it of record; and that appellant had at all times since, and prior to the filing of suit, recognized appellee as the owner of the original one-fifth interest of appellant in the estate of their parents.

A trial of the issues resulted in a decree dismissing the complaint of appellant for want of equity and this appeal follows.

There was a sharp dispute in the evidence as to whether the deed was delivered to appellee. Appellant testified that he signed and acknowledged the deed and offered it to appellee in August, 1937, at El Dorado, Arkansas, in payment of advancements in the amount of $850 made to him by appellee; that appellee refused to accept the deed and appellant mailed it to his mother at Marshall, Arkansas, for safekeeping and did not authorize anyone to deliver it. Early in 1940, he learned

that the deed had been recorded, but he had not recognized his brother to be the owner of his one-fifth interest in the lands.

Testimony on behalf of appellee is to the effect that he began work immediately after he finished school in 1932 and became self-supporting. He made advancements to appellant to defray his expenses as a student in the University of Arkansas from 1933 to 1935 under, an agreement whereby appellant would make repayment of the debt, after he finished school, with· interest at 5% from the date of graduation. Appellant finished school in 1936 and was employed at El Dorado, Arkansas, in 1937. Appellee was then employed at Bearden, Arkansas, and made request for repayment of the advancements. Appellant acknowledged the existence of the indebtedness in the amount of $1,235 and paid $50 on the debt at that time. Appellant tendered a deed to his one-fifth interest in the estate to appellee in payment of the debt in 1937, and on several occasions thereafter. Appellee refused to accept these deeds for the reason that the value of a one-fifth interest in the estate would not exceed $500 at that time. The parties were in Marshall, Arkansas, on March 23, 1940, when appellant tendered the deed in question to appellee and he accepted it in satisfaction of the debt. He did not inspect the deed, but took it to the clerk's office immediately after delivery and instructed the clerk to record it and mail it to his mother. Since 1940, the lands have increased in value and the present value of one-fifth interest in the estate would approximately equal the amount of the indebtedness due appellee by appellant. A Marshall attorney testified that he drafted some deeds for appellant conveying lands to appellee prior to 1940, but did not draw the instrument involved in this suit.

We think a preponderance of the evidence shows that the deed was delivered to appellee in March, 1940, by appellant who thereafter asserted and claimed no interest in the estate until this suit was filed in 1946. Appellant made no contributions in payment of taxes and other expenses of the estate and made no claims to

dividends from rents. In the management of the estate since 1940, the other heirs have recognized appellee's ownership of his brother's original one-fifth interest in the estate and lands of the estate have been disposed of, taxes paid and rents distributed on that basis.

The deed which appellant seeks to cancel recites: "That I, Winston W. Treece, a single person, for and in consideration of the sum of One & No/100 Dollars, to me in hand paid by Eugene B. Treece, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said.................and unto his heirs and assigns forever, the following lands lying in the County of Searcy and State of Arkansas, to-wit: . . ." The grantee's name in the *habendum* clause of the deed was also in blank.

In 16 Am. Jur., Deeds, § 76, p. 482, the textwriter states the rule to be applied in testing the sufficiency of the designation of a grantee in a deed, as follows: "A deed to be operative as a conveyance must in some manner designate as grantee an existing person who is capable of taking title to the land. So long, however, as a person has been named in the body of the deed, with words indicating that it was intended that he should be the grantee, the deed will be effective although the name does not appear in the granting clause, but only in the *habendum* or in the acknowledgment of payment of consideration. . . . In short, where the instrument refers to someone in such terms that there is no doubt that he is the grantee, the deed will be effective although his name is not specifically stated as being the grantee." See, also, 26 C. J. S., Deeds, § 25, p. 206; Tiffany Real Property (Third Ed.), Vol. 4, § 967, p. 33; Thompson on Real Property (Perm. Ed.), Vol. 6, § 3165, p. 323.

The precise question involved here was before the Supreme Court of North Dakota in the case of *Henniges* v. *Paschke,* 9 N. Dak. 489, 84 N. W. 350, 81 Am. St. Rep. 588, where the court had under consideration the validity of a deed from F. T. Walker and wife which recited that the consideration was paid by John P. Walker, who was not otherwise mentioned in the deed. Speaking of the

deed, the court said: "It recites that the consideration was paid by John P. Walker. That fact alone raises a very strong, but perhaps not a conclusive, presumption that he was intended as grantee. But we do not rest our conclusion on this presumption. But three persons are named in the deed. The first two—F. T. Walker and Maggie Walker—are grantors. The other person named is John P. Walker. The deed, after reciting that the consideration is paid by John P. Walker, declares that the grant is 'unto said............'; that is, to some person or persons theretofore named. The only person to whom it can possibly refer is John P. Walker, for the grantors could not convey to themselves, and no other persons are named. Through a clerical omission Walker's name was not repeated in the blank in the granting clause, but he had already been named, and, had the blank been filled, no other name than his could have been inserted. The language, as it stands, forbids it. Our conclusion is that the deed designates John P. Walker by name as grantee with entire certainty, and is, therefore, a valid instrument." The North Dakota court approved the language of Chief Justice GRAVES, speaking for the court, in *Newton* v. *McKay,* 290 Mich. 1, as follows: "It is not indispensable that the name of the grantee, if given, should be inserted in the premises. If the instrument shows who he is, if it designates him, and so identifies him that there is no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the common or best form, or in the usual or most appropriate position in the instrument." The same result was reached by the Texas court in *Hopkins* v. *Walters,* 224 S. W. 516.

In *Black* v. *Brown,* 129 Ark. 270, 195 S. W. 673, this court said: "In *Thomas* v. *Marshfield,* 10 Pick. (Mass.) 364, the first objection to the deed was that the grantees were not named, nor designated with sufficient certainty. The court said: 'With regard to the first objection, it is not essential to the validity of a grant, that the grantee or grantees should be named; but if not named, they must be ascertained by description, so as to be distinguished from all others; and any uncertainty in this

respect will render the grant void.' " In *Wood, et al.* v. *Boyd,* 28 Ark. 75, it was held that a deed will not be void for uncertainty as to the grantee, if the grantee be so described that his identity may be made certain or discovered by proof *aliunde.*

Tested by the foregoing rules we think there was a sufficient designation of appellee as grantee in the deed in question. The fact that the grantee's name was left in blank in the granting and *habendum* clauses of the deed was clearly a clerical omission which is supplied by reference to the acknowledgement of payment of the consideration by appellee. This view is strengthened by a consideration of the circumstances surrounding the execution and delivery of the deed, and the evidence is sufficient in our opinion to warrant reformation of the instrument to supply the unintentional omissions of the scrivener.

In urging the invalidity of the deed appellant relies on the principles announced in *Adamson* v. *Hartman,* 40 Ark. 58; *Williams* v. *Courton,* 172 Ark. 129, 287 S. W. 745, and *Curlee* v. *Morris,* 196 Ark. 779, 120 S. W. 2d 10. In these cases the name of the grantee was intentionally left in blank by the grantor. The instrument did not mention the name of the grantee and his name was afterwards inserted without authority from the grantor. It was held that the instrument did not become operative as a deed by the unauthorized insertion of the name of the grantee. In the instant case the failure to insert the grantee's name in one part of the deed was an unintentional omission which is supplied by reference to another part of the instrument. The principles announced in the cases cited are not controlling here.

The action of the chancellor in dismissing the suit of appellant to cancel the deed in controversy was correct, and the decree is accordingly affirmed.