O. M. (OLIN) HELMS AND DOVIE HELMS *v.*
JACK C. VAUGHN

5-5599                                        467 S. W. 2d 399

Opinion delivered May 31, 1971

*Chambers & Chambers,* for appellants.

*W. D. McKay,* for appellee.

JOHN A. FOGLEMAN, Justice. This is a suit to quiet title in the appellee, Jack C. Vaughn, against any right, title, claim or interest of appellants. O. M. Helms and Dovie Helms and others, in an undivided one-eighth interest in the oil, gas and mineral royalty in, upon and under a 40-acre tract of land in Lafayette County, Arkansas. The facts are not disputed.

On April 21, 1947, O. M. Helms and wife, Dovie Helms, owners in fee simple of the land, conveyed an undivided one-fourth royalty interest in and to all oil and gas and other minerals in the land to H. Steckol. Spartan Drilling Company, a partnership composed of G. H. Vaughn, Jr., and Jack C. Vaughn, purchased the interest of H. Steckol and his wife, Ethel Wheeler Steckol, on July 5, 1947. When the Spartan Drilling Company was dissolved on December 31, 1958, each of the partners was declared to be one-half owner of all the interest owned by the partnership. On December 27, 1963, Jack C. Vaughn and wife, Mary Josephine Mc-Corkle Vaughn, executed an instrument, describing the 40-acre tract, which, in pertinent part, reads:

## *RELEASE*

## KNOW ALL MEN BY THESE PRESENTS:

THAT, JACK C. VAUGHN, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby release, remise, relinquish and surrender all of his right, title and interest in and to the oil royalty, gas royalty and royalty in casinghead gas, gasoline and royalty mined from the following described lands in Lafayette County, Arkansas, to-wit: . . .

This appeal was taken by the Helmses only. Steckol and his wife filed a disclaimer and asked the court to dismiss the cause as to them.

The chancellor held the "release" void and of no effect for the reason that it did not have a grantee and was not a proper conveyance and that Vaughn was not estopped because there was no showing that any of the defendants relied on the "release" to their detriment. Title to the royalty interest in the land was quieted and confirmed in Jack C. Vaughn, appellee, as against the defendants.

The appellants contend that the release executed by the appellee is a valid conveyance that divested title from appellee and vested it in appellants, that the release constituted an abandonment of the royalty interest, and that a royalty estate once abandoned should merge with the surface estate and be considered as a single interest.

The law is well settled in this state that a conveyance of oil or gas in its natural state is a conveyance of an interest in land. *Osborn* v. *Arkansas Territorial Oil & Gas Co.,* 103 Ark. 175, 146 S. W. 122; *Watts* v. *England,* 168 Ark. 213, 269 S. W. 585; *Arrington* v. *United Royalty Company,* 188 Ark. 270, 65 S. W. 2d 36, 90 A. L. R. 765; *Hanson* v. *Ware,* 224 Ark. 430, 274 S. W. 2d 359, 46 A. L. R. 2d 1262. Since an oil and gas deed conveys an interest in land, all the formalities of a conveyance of any other interest are required. *Osborn* v. *Arkansas Territorial Oil & Gas Co.,* supra. The release executed by Jack Vaughn and his wife could not operate as a conveyance to anyone since no grantee was named or otherwise identified in the instrument. *Adamson* v. *Hartman,* 40 Ark. 58; *Williams* v. *Courton,* 172 Ark. 129, 287 S. W. 745; *Curlee* v. *Morris,* 196 Ark. 779, 120 S. W. 2d 10. Thompson on Real Property, Perm. Ed., Vol. 6, 347, § 3006 states:

Unless a grantee is named in some part of the deed, title does not pass, and the deed is void; but this rule cannot be invoked to affect the equitable rights of the parties growing out of the transaction. The principle of implied authority to fill in blanks is not applicable to deeds. A deed which failed to name a grantee and was not acknowledged at the

time of its execution was void in the absence of circumstances showing the application of the doctrine of estoppel.

In *Nall* v. *Scott,* 233 Ark. 21, 342 S. W. 2d 418, we said that no particular form was necessary to constitute a release, so long as the contract is complete, the intention to release manifest and the parties sufficiently described to identify them. Here, elements of a complete contract are lacking, and the parties in whose favor the release should operate are not identified. This release could have been to Jack Vaughn's partner or to Steckol as well as to the Helmses.

Appellants contend that appellee abandoned the property. Appellee asserts that this argument was not raised in the trial court and cannot be raised here for the first time. In their answer to the appellee's complaint the appellants alleged among other things that the release executed by the appellee surrendered all his rights, title and interest and that the title to the royalty interest should be quieted in them. We construe pleadings liberally in favor of the pleader, and every reasonable inference and intendment are indulged in his favor. *American Underwriters* v. *Shook,* 247 Ark. 1082, 449 S. W. 2d 402; *Dickerson* v. *Hamby & Haynie,* 96 Ark. 163, 131 S. W. 674. See Ark. Stat. Ann. § 27-1150 (Repl. 1962). Since the appellants alleged that the appellee surrendered the land, we cannot say that abandonment was not an issue in the trial court.

We do not agree, however, that the elements necessary for abandonment are present in this case. One cannot divest himself of title to real property by abandonment alone. There must not only be an intent on the owner's part to relinquish his claim, it must be accompanied by circumstances of estoppel and limitation, if the abandonment is not by a legal deed of conveyance. *Carmical* v. *Ark. Lbr. Co.,* 105 Ark. 663, 152 S. W. 286; *Sharpp* v. *Stodgill,* 191 Ark. 500, 86 S. W. 2d 934, 87 S. W. 2d 577; *C. W. Lewis Lumber Co.* v. *Fletcher,* 224 Ark. 464, 274 S. W. 2d 472. There was no evidence of

any reliance on Vaughn's alleged abandonment or of any other condition which would create an estoppel or bring limitations into play.

Appellants' third point is based upon a finding of abandonment. Since we find that an abandonment was not shown, we do not reach the question of a merger of royalty rights with the surface estate.

The decree is affirmed.