ODD FELLOWS BUILDING ASSOCIATION VS. HOGAN.

PLEADINGS: *In suit against corporation, etc.*

In suits against corporations, it is not necessary to allege in the complaint the incorporation, further than by a statement of the corporate name.

SAME: *When use of abbreviations will not vitiate.*

Where abbreviations or initials of words are used in pleadings, if, when taken in connection with the remainder of the pleading and subject matter, they can be clearly understood, and not be ambiguous, the same effect will be given to them as if the words were written in full.

APPEAL from *Pulaski* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*English, Gantt & English,* for appellant.

*Gallagher, Newton & Hempstead,* for appellee.

BENNETT, J.  On the 21st of October, 1870, William Hogan filed his complaint, account and affidavit against the Odd Fellows Building Association, claiming a lien for labor, etc., on a brick building, and lot on which it was erected, in the city of Little Rock — lot 12, block 1.  On the same day a writ of *scire facias* was issued, returnable on the first day of the following November term.  It was returned served, on the 22d of October, 1870, on Peter Brugman, president of O. F. B. A.

At the return term, judgment was taken, a writ of inquiry executed, and final judgment rendered in favor of the plaintiff for the amount claimed by him.  An appeal was granted by the clerk of this court.

The record in this case shows that on the 28th day of December, 1870, the following order was made by the court.

" William Hogan vs. Odd Fellows Building Association of

Little Rock, Arkansas. Mechanic's Lien. Comes the plaintiff by his attorney, C. C. Farrelly, Esq. ; comes the defendant by George E. Dodge, Esq., attorney, and said defendant saying nothing in bar or preclusion of said plaintiff's right to recover, it is ordered that the plaintiff have judgment for the amount of claim, etc. Whereas, said plaintiff's demand is uncertain and unliquidated, it is ordered that a writ of inquiry be awarded and issued herein to ascertain and determine the same."

January 4, 1871, the writ was returned, and a jury came, and, after hearing the evidence in the case, returned the following verdict: "We, the jury, do find for the plaintiff, William Hogan, and assess his damages at five thousand, one hundred and sixty-six $\frac{50}{100}$ dollars principal, and interest to date; and that the property within described is subject to the lien of the plaintiff for the above amount, and that the lien was filed on the 21st of October, 1870. G. E. BLACKBURN, foreman."

Does the record disclose such an appearance of the defendant as would warrant a judgment *nil dicit* against him?

This court, in the case of *Murphy v. Williams*, 1 Ark., 376, say: "In order to constitute an appearance in a legal sense of the term, there must be some substantive act by the defendant that constitutes him a party to the suit." When the record shows simply that the defendant appeared by attorney, and does nothing more, it is not such an appearance as will cure any defects in an imperfect writ or service.

Therefore, we shall treat the judgment rendered in this case as a judgment by default, and the defendant entitled to the same defense he might have had under such judgment.

On judgment by default, the defendant below is entitled to all legal exceptions to the writ and service; nor will this court presume in favor of a judgment by default; in such

case the record must show affirmatively that the proceeding is according to law.

There are but two questions for our determination that can arise in this case :

1. Had the court below jurisdiction over the subject matter in controversy and jurisdiction of the defendant?

2. Were the proceedings of the court according to law?

It is conceded that the court had jurisdiction of the subject matter, but it is contended that the appellant had not been legally served with notice of the pendency of the suit.

It is alleged, in the first place, that they have not been properly described, either in the complaint, affidavit, *scire facias*, or any of the proceedings. It is contended that they, the appellants, being a corporation, created under the general incorporation law of the state, it is necessary to aver their corporate existence, and must be described as a corporation in the pleadings.

It was not necessary for the plaintiff to allege, in his complaint, the incorporation of the Odd Fellows Building Association, further than was done by the statement of its name and of the making of the agreement or the creating of the lien between the association and the plaintiff. No more certainty was required in the complaint as to the corporate character of the company, than if the company had brought the action; and in that case it would be clear, upon authority, that at common law no specific allegation of incorporation would be important. The name of the company implies its corporate existence. It is impliedly averred by the name, that the company was a corporation. Under a general issue, the plaintiff would be bound to prove the incorporation of the Odd Fellows Building Association. This doctrine is supported by numerous cases, among which we refer to *Norris v. Stops*, Hob., 211; *Henreques v. The Dutch West Ind. Co.*, 2 Ld. Ray.,

1535; *The President of the U. S. Bank v. Harkins*, 1 Johns. Cas., 132; *The Bennington Iron Co. v. Rutherford*, 3 Harr. (N. J.), 105; *Harris v. The Muskingum Co.*, 4 Blackf., 267; *Richardson v. The St. Joseph's Iron Co.*, 5 id., 156; *Dutchess Cotton Manufacturing Company v. Davis*, 14 John., 239; *Bank of Utica v. Smalley*, 2 Cow., 770; *Bank of Michigan v. Williams*, 5 Wend., 478; *Kennedy v. Cotton*, 28 Barb., 62; *Bank of Waterville v. Bellsar*, 13 How., 270. If the defendant had appeared in the court below and put in issue the corporate capacity of the Odd Fellows Building Association of Little Rock, it would have been necessary to have proven it. It is incumbent on the defendant to raise the objection by plea in abatement or otherwise, to entitle him to avail himself of the omission or defect of proof in respect to the corporate capacity.

The appellants, being a corporation under the laws of the state, how are they to be served with legal service? This is fully answered by sec. 69 of the Civil Code of Practice, which says: " Where the defendant is a corporation, created by the laws of this state, the service of the summons may be upon the president," etc. Now, was this done? The indorsement on the summons is as follows: "Executed this 22d day of October, A. D. 1870, by delivering a true copy of the within writ to Dr. Peter Brugman, President of O. F. B. A. W. S. Oliver, Sheriff, by Vance, D. S."

It is contended that the abbreviation " O. F. B. A.," means nothing and does not describe anything; in other words, the return does not show that Dr. Peter Brugman was the President of the Odd Fellows Building Association. While we are willing to admit that abbreviations should be very sparingly employed, if at all, in formal and important legal documents, yet they are of frequent use, and if by using the initial letters of words instead of the words at length, the same meaning is conveyed, it would not be considered as so informal as

to make the abbreviation of no significance.    If the abbrevia-
tion, taken in connection with the remainder of the writing and
subject matter, can be clearly understood, and not be ambigu-
ous, it must have the same effect as if the words were written
in full.    The *scire facias* in the hands of the sheriff describes
the appellant as the " Odd Fellows Building Association."
The law required him to serve it upon the president of the
association.  His return showed to the court the manner he
executed it, which says, " by delivering a true copy of the
within writ to Dr. Peter Brugman, President of the O. F. B.
A."    The ambiguity of these letters is entirely removed by
examining the " within writ," where it is clearly shown that
they refer to the Odd Fellows Building Association, and can
mean nothing else.

   This being a statutory proceeding, the statute creating this
special remedy must be followed.    To warrant a judgment by
default, the *scire facias* must be served thirty days before the
return day thereof.    Gould's Dig., ch. 112, sec. 9.    It is urged
that the summons was not served thirty days before the return
day.    The record shows that the writ was executed on the
22d day of October, 1870 ; the return day was the 21st day of
November, 1870.    By usual computation, that is, leaving out
either the day on which the writ is executed and counting the
return day, or counting the day the writ was executed and
leaving the return day out of the count, we find that thirty
days had elapsed, and the statute has been complied with.

   We therefore find the court below had jurisdiction of the
subject matter and the person of the appellant, the summons
having been issued, served and returned in accordance with
law.

   2. Was the proceeding of the court in accordance with
law ?

   No part of the proceedings are controverted except the ver-

dict of the jury. The 10th sec. of ch. 112 of Gould's Digest, under which all the proceedings in this case were had, provides that "if the cause shall be submitted to a jury, the verdict, if for the plaintiff, shall be substantially that the jury find that the property in the *scire facias* mentioned is subject to the lien of the plaintiff for such sum as shall be found to be due, and that the lien was filed on such a day, and within the time prescribed by law."

In this case the cause was submitted to a jury, who rendered the following verdict: "We, the jury, do find for the plaintiff, William Hogan, and assess his damages at five thousand, one hundred and sixty-six $\frac{50}{100}$ dollars ($5,166.50), principal and interest to date, and that the property within described is subject to the lien of the plaintiff for the above amount, and that the lien was filed on the 21st of October, 1870."

The jury did not expressly find that the lien was filed "within the time prescribed by law." Was this omission a fatal defect in the verdict?

It will be remembered that the section of law in relation to the rendition of the verdict, says it "shall be substantially" as provided, not mandatory. Therefore, a substantial compliance with it by the jury is all that is necessary. The verdict of the jury was, "that the property within described is subject to the lien of the plaintiff." This could not have been if the lien had not been filed within the time, as required by law.

After verdict all errors in civil proceedings are cured by the statute of *jeofails*, when the error only relates to form, and may be amended either by the court below or the appellate court. Sec. 120, ch. 133, Gould's Dig. From a full review of the whole case, we are unable to find any error affecting the rights of the appellant by the judgment of the court be-

low; and finding that this judgment has been superseded, we affirm said judgment, and award the additional sum of ten per cent. damages.