CLEMENTS *v.* HAMILTON-BROWN SHOE COMPANY.

Opinion delivered May 29, 1911.

1. PLEADING—CONSTRUCTION.—Where a pleading was in effect an answer, though styled an interplea, it will be treated as an answer by the court. (Page 338).

2. SALES—SPECIFIC LIEN FOR PURCHASE MONEY.—Kirby's Digest, § § 4966-4969, providing for a specific attachment in favor of a vendor of chattels, do not authorize the vendor to follow the property into the hands of one who in good faith acquired from the vendee the possession and ownership. (Page 338.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed in part.

STATEMENT BY THE COURT.

The Hamilton-Brown Shoe Company filed a complaint in the circuit court against H. M. Hoffman, Gus A. Hoffman and Hoffman Investment Company. The complaint in substance alleges that plaintiff is a Missouri corporation, and defendants are indebted to it in the sum of $1,201.98 for merchandise sold and delivered.

On March 19, 1910, plaintiff filed an amendment to its complaint, in which it alleged that the Hoffman Investment Company executed its two checks for $252.15 each, payable to C. A. Hoffman, and that they were by him indorsed to plaintiff for and on

account of the indebtedness sued on; that same were duly presented for payment, and that each was protested for nonpayment. Plaintiff prays for judgment for $504.30, and for a specific attachment. On the same day a specific attachment was issued, and on the 23d inst. it was levied on the shoes for the purchase price of which the suit was instituted. On April 12, 1910, the following answer was filed:

"Come the defendants and for answer to the complaint and amended complaint of plaintiff state: That it is true that during the year 1909 H. M. Hoffman purchased from plaintiff shoes amounting to twelve hundred and one dollars and 98/100 ($1,201.98), the amount for which plaintiff brought suit in this court, December 2, 1909. That, since said suit has been filed, the defendant, H. M. Hoffman, paid to the plaintiff or its attorney seven hundred ($700) dollars, which was to cover all the shoes now in his building at Swan Lake. As to the balance of $504.30, the defendants admit the said indebtedness as set out in the amended complaint, except that part which alleges that they have a vendor's lien upon the shoes now held by H. M. Hoffman. The defendants further state that they are now due Hamilton-Brown Shoe Company $504.30, on account of two checks dated December 24, 1909, for $252.15 each, being given and indorsed as set out therein, but deny the plaintiff has a vendor's lien on the shoes now held by H. M. Hoffman; and said H. M. Hoffman pleads payment for said shoes now retained in his place of business, and therefore prays judgment and costs."

On November 23, 1910, L. W. Clements filed what he denominates an interplea, in which he states that on April 23, 1910, he was appointed receiver of the Hoffman Investment Company, which was an "Arkansas farming corporation," and as such receiver took charge of all its property. That said Hoffman Investment Company is the owner of the shoes seized under the writ of attachment above referred to. That said property was purchased by H. M. Hoffman, and was by him sold to the Hoffman Investment Company, and that the latter agreed to pay plaintiff the balance of the purchase price thereof, towit: $504.30. He states that "said property was not in the possession and was not the property of the vendee at the time plaintiff undertook to enforce said lien."

The plaintiff replied to the so-called interplea, and stated that H. M. Hoffman was the agent and partner of the Hoffman Investment Company, and of C. A. Hoffman at the time the shoes were purchased from the plaintiff. That the Hoffman Investment Company was the owner of the plantation and mercantile business, and that the shoes were purchased for the Hoffman investment Company.

No evidence was introduced in the cause.

The court found that the plaintiff was entitled to judgment, as by confession, for the amount sued for, and judgment was rendered accordingly. The court also found that the interplea of L. W. Clements as receiver showed no cause of action, and it was dismissed.

The property seized by the sheriff under the writ of attachment above referred to was ordered to be sold by him and the proceeds to be applied toward the satisfaction of plaintiff's judgment.

L. W. Clements, as receiver of the Hoffman Investment Company, has duly prosecuted an appeal to this court.

*A. H. Rowell,* for appellant.

Appellee had no right to a lien. The goods had been transferred for a valuable consideration to a third party, a corporation, by the vendee. The remedy provided by the statute, Kirby's Dig. § § 4966, 4967, cannot be enforced where the property has passed into the hands of a purchaser for value. 76 Ark. 273; 91 Ark. 218; 52 Ark. 450. Under the pleadings, therefore, there was an issue of fact calling for a jury. 93 Ark. 194; *Id.* 371; 91 Ark. 400.

*L. E. Hinton,* for appellee.

There is nowhere any denial in the answer of the allegation that all of the defendants are indebted to plaintiffs for the purchase money of the shoes. This is a fatal omission. Kirby's Dig. § 6098; 6 Ark. 150; 30 Ark. 362; 31 Ark. 345; 73 Ark. 344; 73 Ark. 221.

Appellant's plea is in effect but an amendment to the answer of the corporation jointly with other defendants, and he is bound by the admissions in the pleadings of the corporation. In his alleged interplea appellant does not deny the allegation of liability on the part of the corporation for the balance of purchase money.

Appellant also failed to deny the allegation that the corporation defendant was the original debtor for the entire amount sued for, and this omission is fatal. Kirby's Dig. § 6098; 18 Ark. 85; 12 Ark. 421; 9 Ark. 535. An allegation not denied stands as admitted. 30 Ark. 362; 73 Ark. 344.

HART, J., (after stating the facts). The amount sued for is admitted by the pleadings to be due and unpaid, and the judgment therefor will be affirmed.

We think, however, the court erred in dismissing the so-called interplea and in ordering the property in the hands of the sheriff to be sold and the proceeds to be applied to the satisfaction of the judgment. It will be noted that no evidence was introduced, and that judgment was rendered on the pleadings. It is insisted by counsel for appellee that the answer copied in our statement of facts is the separate answer of H. M. Hoffman. It does not so appear on its face; but, conceding it to be so, the pleading filed by the receiver was not an interplea but an answer. He was allowed to become a party to the suit, and the action of the court in so doing was to substitute him as defendant in the place of Hoffman Investment Company. 5 Pomeroy's Equity Jurisprudence (3 ed.) § 192. See also *Buchanan* v. *Hicks,* 98 Ark. 370.

Therefore the pleading filed by him was an answer. In it he alleges that the property was purchased by H. M. Hoffman, and was by him sold to the Hoffman Investment Company. He denied that the property was in the hands of the original vendee when the specific attachment was sued out and levied on the property in question. This presented an issue of fact calling for the production of proof.

In construing our statute which gives the vendor a specific attachment for the purchase money, where the property is in the hands of the vendee, the court said: "As the statute expressly applies only to property remaining in possession of the vendee, it can not imply a right on the part of the plaintiff to follow the property in the hands of one who in good faith acquired from the vendee the possession and ownership." *Bridgeford* v. *Adams,* 45 Ark. 136.

We think the answer of the receiver was sufficient to raise an issue upon this question, and to put the plaintiff upon proof.

The judgment will be reversed, and the cause remanded for a new trial.