STOCK *v.* HARRIS.

4-4520

Opinion delivered November 9, 1936.

*John D. Thweatt,* for appellants.

*A. G. Meehan, Emmett Vaughan* and *John W. Moncrief,* for appellees.

BUTLER, J. On May 11, 1936, the Prairie county Democratic Central Committee, enacted a resolution providing that all candidates for county office were required to pay the sum of $15 on or before June 13, 1936, as ballot fees, and that all candidates for township offices, including delegates to the county convention and township committeemen, were required to pay the sum of $1 on or before the aforesaid date as ballot fees. It was further resolved that no name of any candidate for any of said offices should appear on said ballot unless the ballot fee had been paid within the time specified. On the 28th of July, 1936, the appellees offered to file with the secretary of the county central committee petitions nominating each of them as candidates for township committeemen for their respective townships. Each petition was accompanied by the sum of $1, the ballot fee required by the resolution passed May 11, preceding. The secretary refused to accept these petitions and money for the reason that the fees were not tendered within the time specified by said resolution. On July 29, appellees filed their petitions setting up their qualifications to serve as township committeemen, the nominating petitions and the tender of the ballot fees, and the refusal of the central committee acting through its chairman and secretary to place their names on the ballot. They prayed that they be awarded a writ of mandamus directing the central committee to place their names on the ballot. The central committee waived service, entered its appearance and filed a general demurrer to the petitions, which was overruled. Thereafter, answer was filed, and, on August 1, 1936, the case coming on for hearing, the trial court granted the prayer of the petitioners, and this appeal followed.

The first contention is that the trial court was without jurisdiction to issue a writ of mandamus directing the central committee to have the names of appellees

placed on the ballot. In support of this position reliance is placed on the case of *Tuck* v. *Cotton,* 175 Ark. 409, 299 S. W. 613. That case involved the contest of the certification of the nomination of a township committeeman; in other words, it was an election contest. It was there held that under the statutes then existing regulating primary elections courts were without jurisdiction to hear and determine the contest for the nomination of central committeeman as committeemen were not candidates for office except for office within the party. That case was decided November 14, 1927.

Section 7020, Crawford & Moses' Digest, as amended by act No. 130 of the Acts of 1925, clothed the circuit court and the judges thereof in vacation with power to issue writs of mandamus to the courts of probate, county courts, justices of the peace, and all other inferior officers in their respective circuits. Section 3 of act No. 116 of the Acts of 1929 provides: ''The members of the various county central committees, and the chairman and secretary of each committee are hereby declared to be officers within the meaning of § 7020, Crawford & Moses' Digest.'' Section 3759 of Crawford & Moses' Digest provides for the choosing at each primary election of members of the county central committees, and makes it the duty of the central committees to place on the primary ballot the names of all persons nominated for committeemen. It provides how the nominations shall be made and, in the event of the failure to nominate a candidate for any ward or precinct, that the central committees may make such selection. From this, it will be seen that county central committees are clothed with a ministerial duty which is made mandatory in exact and peremptory terms.

Since the passage of § 3 of act 116 of the Acts of 1929 declaring that members of county central committees, and the chairman and secretary thereof are officers within the meaning of § 7020, *supra,* it clearly follows that the circuit court was expressly clothed with power to entertain the petitions for the writ of mandamus.

The last contention, upon which the greatest stress is laid, is that the trial court erred in directing the writ

to issue because the regulation of the central committee providing for the payment of ballot fees on or before June 13, and that the name of no candidate for township committeeman could be placed upon the ballot where the fee was not paid within the time specified was within the authority of the committee and binding upon the appellees. Appellants cite the rule announced by this court in *Ferguson* v. *Montgomery*, 148 Ark. 83, 229 S. W. 30, to the effect that where jurisdiction is not conferred or regulated by statute, the courts have no power to interfere with the judgment of constituted authority of established political parties regarding party government, discipline, the determination of disputes within the party, and the regulation of the election of its executive officers. They insist, on the basis of this rule, that there is no statute regulating the duties of central committees with respect to the action of the central committee in question involved in the present proceeding. They further insist that the resolution of the central committee was authorized by §§ 24, 25 and 26 of the rules of the State Democratic Central Committee. Sections 24 and 25 provide that the county committee may make reasonable assessments against all democratic candidates for office, and that the ballot fees assessed by the committee against county and district candidates shall be payable on a date fixed by the committee, not earlier than sixty, nor later than thirty days preceding the primary election. Section 26 provides: "The county committee may make reasonable assessment against candidates for committeemen." We think the central committee misconstrued § 25 as relating to candidates for committeemen. That section authorizing the committee to fix the dates within which ballot fees might be paid—not earlier than sixty, nor later than thirty, days—relates only to candidates for county and district offices. This construction is emphasized by § 26, which, while making provision for assessment against committeemen, fixes no time preceding the primary in which assessments must be paid. Candidates for committeemen may only be nominated by petition signed by not less than ten qualified electors of the precinct or ward filed with the secretary of the county cen-

tral committee on or before its meeting for appointment of judges and clerks of primary elections. No ballot fee could be accepted for one prior to that time unless he be nominated, and, as the nomination would not close until the date fixed for the appointment of judges and clerks, it necessarily follows that ballot fees would be properly payable at any time on or before that date. The central committee overlooked the effect of this statute, and its resolution, if effectual, would nullify it. The selection of judges and clerks is made not earlier than one week preceding the primary election. Section 3760, Crawford & Moses' Digest. It is argued that, if § 3759 of Crawford & Moses' Digest be construed as requiring the ticket to remain open for the filing of nominations of committeemen until the day of the selection of the judges and clerks, it would debar a candidate for committeeman from being voted on by the absentee voters, because the absentee ballot must be prepared and left with the county clerk ten days before the election. If this should be the case, it is no argument for the construction placed by appellants on § 3759, *supra*, which we think violates its inescapable meaning when we view its language in its common and ordinary use.

We are of the opinion that the order of the trial judge was proper, and it is, accordingly, affirmed.