JAMES *v.* LLOYD.

4-5107

Opinion delivered June 6, 1938.

*Botts & Botts,* for appellant.

*Young, Elms & Macom,* for appellees.

MEHAFFY, J. The appellees filed a complaint in the Arkansas county circuit court against appellant to re-

cover one International truck, together with equipment, and alleged in the complaint that appellant purchased said truck on August 27, 1936, made a cash payment thereon, leaving a balance due in the sum of $789 for which appellant executed his promissory note. It was alleged that the truck was of the value of $900, and appellees asked possession of the truck.

The appellant filed answer admitting the purchase of the truck and alleged that he had paid $450 in cash at the time of the purchase, and later had equipped said truck with other parts at his own expense, making in all the sum of $508.50 that he paid out on the transaction. He denied that the appellees were the holders of said note in due course for a valuable consideration or otherwise, and specially alleged that when he purchased his truck he was on his way to purchase a Ford V-8 and his answer continues as follows:

"That in the conversation with appellees he made known to them he was on his way then to purchase a Ford V-8 truck and the appellees undertook to sell and convey to the appellant the International truck in question; that there was some discussion as to the economical operation of the Ford V-8 truck and the appellees 'guaranteed to this defendant (appellant) that the truck they were selling (International truck) would operate decidedly more economically than the Ford V-8 truck and that the same would operate at a saving in oil and gas and to a sufficient extent to pay the purchase price of the truck (International) within a short while.'

"Defendant further states that at the time of the purchase of said motor vehicle truck, and for which said note was executed, it was represented by the seller of said truck that the same would operate more economically as to gas consumption than any other truck and especially would operate more economically than the Ford V-8 truck. He further states that this defendant was contemplating purchasing a Ford V-8 truck and that the seller of the truck in controversy well knew this fact and that the seller represented and 'guaranteed' to this defendant that the truck he was selling would operate decidedly more economically than the Ford V-8 truck and

that the same would operate at a saving of oil and gas to a sufficient extent to pay the purchase price of the truck within a short while. He further states that at the time he purchased said truck he paid in cash the sum of $425 and later he purchased a bed for said truck of the value of $75 and installed a heater therein at a cost of $8.50 or, in other words, he paid as part of the purchase price of said truck $508.50.

"This defendant states that said truck would not operate as represented by the seller; that it required a great deal more gas than trucks of like character to operate on, and that it was exceedingly expensive to operate the same, and that he called the attention of the seller to this defective condition of said truck and that the seller undertook on four different occasions to remedy the defect, but was utterly unable to do so, and that the consideration for the note herein set forth has wholly failed and this defendant pleads failure of consideration in said note as a complete defense to this action."

To this answer and cross-complaint, the appellees filed a demurrer on the ground that there were not sufficient facts stated in the cross-complaint to sustain a cause of action. The court sustained the demurrer and dismissed appellant's cross-complaint, and the case is here on appeal.

The only question for our consideration is whether the cross-complaint states facts sufficient to constitute a defense. The appellee contends that the statements made were mere dealer's talk, and that may be true, but the appellant alleged that they not only made these statements, but that they warranted them to be true. He also states in his cross-complaint that he called the attention of the seller to this defective condition of said truck, and that the seller undertook on four different occasions to remedy the defect, but was utterly unable to do so. He, in effect, alleges that there was a defective condition of said truck, and the appellees were unable to remedy it.

The demurrer admits the truth of the allegations in the cross-complaint. *Tyler* v. *Citizens Bank*, 184 Ark. 332, 42 S. W. 2d 385; *Boone County Board of Education* v.

*Taylor,* 185 Ark. 869, 50 S. W. 2d 241; *Gantt* v. *Arkansas Power & Light Co.,* 189 Ark. 449, 74 S. W. 2d 232.

It is a well-established rule of this court that in testing the sufficiency of a pleading, complaint, or cross-complaint, on general demurrer, the court indulges every reasonable intendment in its favor. We recently said:

"Pleadings under the Code are liberally construed and every reasonable intendment is indulged in favor of the pleader, and in testing the sufficiency of a complaint on general demurrer, the court indulges every reasonable intendment in its favor, and if the facts stated, together with every reasonable inference arising therefrom constitute a cause of action, the demurrer should be overruled. *Manhattan Const. Co.* v. *Atkisson,* 191 Ark. 920, 88 S. W. 2d 819; *Arkansas Bond Co.* v. *Harton,* 191 Ark. 665, 87 S. W. 2d 52; *Herndon* v. *Gregory,* 190 Ark. 702, 81 S. W. 2d 849, 82 S. W. 2d 244; *Beene* v. *Hutto,* 192 Ark. 848, 96 S. W. 2d 485.

Whether there was a warranty or whether the truck was defective are questions of fact, and should be submitted to the jury, if there is substantial evidence to prove them.

Treating the allegations of the answer and cross-complaint as true, which we must do, they stated a cause of action.

The judgment of the circuit court is, therefore, reversed, and the cause is remanded with directions to overrule the demurrer and proceed with the trial according to law and not inconsistent with this opinion.