CENTRAL SUPPLY COMPANY v. WREN.

4-5586                                    133 S. W. 2d 632

Opinion delivered October 23, 1939.

*Barber & Henry* and *John B. Thurman,* for appellant.

*Ward Martin,* for appellee.

SMITH, J. Appellant, Central Supply Company, brought suit to enforce a materialman's lien against a lot in the city of El Dorado on which is located the Ritz Theater. The complaint alleges that the materials were furnished to Frank Woodruff and Ray S. Woodruff, doing business as Woodruff & Son Plumbing Company, and were used in the construction of the building and improvements on the described lot.

The complaint alleges that "Comes the plaintiff, Central Supply Company, and for its cause of action against the defendants, O. G. Wren, doing business as the Ritz Theater, and the Ritz Theater, Frank Woodruff and Ray S. Woodruff, doing business as Woodruff & Son Plumbing Company, and Mrs. E. C. Bryant, states:", and thereafter alleges that the materials were furnished and used as above stated.

The summons directed the sheriff to summon "O. G. Wren, doing business as the Ritz Theater, the Ritz Theater, Frank Woodruff and Ray S. Woodruff, doing business as Woodruff & Son Plumbing Company."

The sheriff's return thereon showed service "by delivering a copy of the summons, and stating the substance thereof to the within named O. G. Wren doing business as the Ritz Theater in person in said county, and also by delivering a true copy to Frank Woodruff and Ray S. Woodruff doing business as Woodruff & Son Plumbing Company each in person in said county; and on the 1st day of November, 1938, by delivering a true copy thereof to the Ritz Theater, by delivering a true copy thereof to Ward Martin, the agent designated for service in said county as I am hereby commanded."

Ritz Theater, Inc., filed a motion to dismiss as to it for the following reasons: "That said purported summons and service thereof has no application, neither is

it binding, upon Ritz Theater, Inc., for said corporation is not a party to this suit and, therefore, any service had upon Ritz Theater, Inc., is void, illegal and of. no effect; and that said summons was not issued or served as required by law." The motion to dismiss was sustained, and this appeal is from that decree.

O. G. Wren was sued as doing business as the Ritz Theater; but the Ritz Theater was also sued. Its corporate name was not correctly alleged, in that the abbreviation "Inc." was omitted. This abbreviation is ordinarily used to indicate that the party using it is incorporated and is, therefore, a corporation. The complaint did not, in this manner or otherwise, indicate that Ritz Theater was a corporation; but this omission was not fatally defective. It is certain that Ritz Theater was sued, and was named as a defendant. Had it been desired to know in what capacity it had been sued, a motion to require that allegation might have been made. That Ritz Theater was being sued is shown, not only by the allegations of the complaint, but by the recitals of the writ of summons, which named Ritz Theater as a defendant after naming O. G. Wren as a defendant; and, that it was sued as a corporation, is shown by the return of service of the summons. This recites service "by delivering a true copy thereof to the Ritz Theater by delivering a true copy thereof to Ward Martin, the agent designated for service in said county as I am hereby commanded." Service upon O. G. Wren had been previously recited, as appears from the return hereinabove quoted. Other defendants besides Wren were sued and served, one of these defendants was the Ritz Theater, and service was had in the manner provided by law for service upon corporations.

Now, the corporate character of the Ritz Theater was not alleged; but it is not questioned that Ward Martin was the agent designated by it upon whom service of process against it should be had.

In *Odd Fellows Building Assn.* v. *Hogan*, 28 Ark. 261, suit to enforce a mechanic's lien was brought against Odd Fellows Building Association without al-

legation as to its corporate capacity. It was contended in that case, as it is in this, that the defendant "being a corporation, created under the general incorporation law of the state, it is necessary to aver their corporate existence, and must be described as a corporation in the pleadings."

In holding against that contention, it was there said: "It was not necessary for the plaintiff to allege, in his complaint, the incorporation of the Odd Fellows Building Association, further than was done by the statement of its name and of the making of the agreement or the creating of the lien between the association and the plaintiff. No more certainty was required in the complaint as to the corporate character of the company, than if the company had brought the action; and in that case it would be clear, upon authority, that at common law no specific allegation of incorporation would be important. The name of the company implies its corporate existence. It is impliedly averred by the name, that the company was a corporation. Under a general issue, the plaintiff would be bound to prove the incorporation of the Odd Fellows Building Association."

Equally so under our liberal statutes concerning the sufficiency of pleadings, in the construction of which all inferences reasonably deducible therefrom are considered. Here, the contract out of which the lien arose is alleged, but the corporate existence of a party thereto was not alleged. This was a defect which may be easily cured.

Section 1458, Pope's Digest, reads as follows: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be shown to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just."

In *Beavers* v. *Baucum*, 33 Ark. 722, suit was brought in the name of Rebecca McRae, whose correct name at the time was Rebecca Baucum. In treating this as an unimportant defect, not affecting the merits of the case, the court said: "Such defect can now be reached only by motion to correct the mistake, or such correction may be made by the court on its own motion, as was very properly done in this case. Newm. Plead. and Prac., 287."

Here, there can be, and is no question, as to the intention to sue Ritz Theater, whose correct name is Ritz Theater, Inc. Service upon its agent designated for that purpose is conclusive evidence of that fact, and it was, in our opinion, error to dismiss the complaint.

The decree will, therefore, be reversed and the cause remanded, with directions to overrule the motion to dismiss and for further proceedings not inconsistent with this opinion.