WILBURN *v.* MOON.

4-6381                                              154 S. W. 2d 7

Opinion delivered July 7, 1941.

*Mark E. Woolsey,* for appellant.

*Carter & Taylor* and *Pryor & Pryor,* for appellee.

Holt, J. August 31, 1940, appellees (plaintiffs below) filed a verified complaint in the Franklin circuit court, Ozark district, in which the following allegations are set forth:

"Comes now the plaintiffs, . . . and for their cause of action against the defendants, H. L. Wilburn, chairman, and C. G. Andrews, secretary, respectively of the Democratic Central Committee of Franklin county, Arkansas, and the Democratic Central Committee of Franklin county, Arkansas, state and allege:

"That the plaintiffs are duly elected members of the Democratic Central Committee of Franklin county, Arkansas, having been so elected in the Democratic primary held in said Franklin county, Arkansas, on the 27th day of August, 1940; that said plaintiffs filed their party loyalty pledges with the secretary of said committee and paid their ballot fees with said secretary all prior to noon May 15, 1940, same being 90 days prior to said primary election held on August 13, 1940; that said plaintiffs filed their nominating petitions with the names of ten or more qualified electors on said petitions with the secretary of said committee prior to August 6, 1940, the day said committee selected the judges, clerks, and bailiffs to hold the primary elections in said county for the 13th and 27th of August, 1940; that the plaintiffs complied with all the rules of the Democratic party of the state of Arkansas and all the laws of said state in qualifying to have their names placed on the ballot in said primary election held in Franklin county on the 27th day of August, 1940, as candidates for township committeeman from the various townships in Franklin county, Arkansas, more specifically named in this complaint hereafter.

"The plaintiffs further allege that their names were the only names placed upon said ballots for township committeeman from the various townships in said primary election held in said county on the 27th day of August, 1940.

"That under the law of this state and the rules of the Democratic party of the state of Arkansas and the laws of this state the plaintiffs are the duly elected

township committeemen from the various townships and voting precincts hereinafter mentioned.

"The plaintiffs further allege that the defendants and each of them are going to certify as the duly elected township committeemen from the various townships and voting precincts the names of persons other than the names of the plaintiffs as the duly elected township committeemen and have so stated to the plaintiffs irreparable damage and injury contrary to law and the rules of the Democratic party of the state of Arkansas.

"The plaintiffs were candidates for township committeemen and elected as such from the following named townships and voting precincts in the primary election held in Franklin county, Arkansas, on Tuesday, August 27, 1940, as follows: . . .

"Under the rules of the Democratic party of this state and the law the plaintiffs are entitled to be certified by the defendants as the duly elected township committeemen from the townships and voting precincts above named to the exclusion of all other persons.

"The plaintiffs allege that unless the defendants are prohibited by an order of this court the defendants will certify persons other than the plaintiffs as the duly elected township committeemen from the townships and voting precincts above named when in truth and in fact the names of the plaintiffs were the only names that were eligible to go upon the said ballot and were the only names on said ballot as candidates for township committeemen from said townships above named in the Democratic primary held on the 27th day of August, 1940, in Franklin county, Arkansas.

"Wherefore, premises considered, plaintiffs pray that the court or the judge in vacation issue a writ of mandamus ordering the defendants to certify the names of the plaintiffs as the duly elected township committeemen from the townships and voting precincts above named and that said defendants be restrained and prohibited by proper order of this court from certifying the names of any other persons as the township committeemen from the townships above named other than the names of the plaintiffs, and for all other just and

legal relief to which they may be entitled and for all of their cost herein laid out and expended."

Appellants demurred to this complaint on two grounds: (1) That the court was without jurisdiction; and (2) that it did not state facts sufficient to constitute a cause of action.

Upon a hearing the trial court overruled the demurrer. Appellants elected to stand on their demurrer and refused to plead further, whereupon the trial court granted the prayer of appellees' complaint and awarded the writ of mandamus. This appeal followed.

It is well settled that a demurrer to a complaint admits the truth of all allegations of fact which are clearly pleaded. *Herndon* v. *Gregory*, 190 Ark. 702, 81 S. W. 2d 849. Legal conclusions are not admitted to be true by the demurrer. *Texarkana Special School District* v. *Ritchie Grocer Co.*, 183 Ark. 881, 39 S. W. 2d 289.

While the circuit court would have the power, as was held in *Stock* v. *Harris*, 193 Ark. 114, 97 S. W. 2d 920, to issue a writ of mandamus to compel a county central committee to perform a purely ministerial duty, the appellants were not refusing to act in accordance with their duty but they were about to act in a manner contrary to what appellees conceived to be the legal or correct manner. This is evidenced by the following allegation in the complaint: ". . . that the defendants and each of them are going to certify as the duly elected township committeemen from the various townships and voting precincts the names of other persons other than the names of the plaintiffs as the duly elected township committeemen." The "other persons" referred to were not made parties to the action.

The complaint alleges ". . . that the plaintiffs complied with all the rules of the Democratic party of the state of Arkansas and all the laws of said state in qualifying to have their names placed on the ballot . . . that their names were the only names placed upon said ballot . . . and in fact the names of the plaintiffs were the only names that were eligible to go upon the said ballot and were the only names on

said ballot as candidates for township committeemen.
. . .''

We think a fair interpretation of these allegations is that appellees were the only persons eligible and qualified under the rules of the party organization, to have their names *printed* on the official ballot to be voted on. It will be observed, however, that nowhere in the complaint is it alleged that appellees' names were the only names *voted on* by the electorate for the offices of central committeemen.

As has been indicated, while it may be that appellees' names were the only names *printed* upon the ballots for central committeemen, there is no allegation that the voters did not write in the names, on the ballots, of others for whom they wished to vote. This they had the right to do.

that the voters did not write in the names, on the ballots, of others for whom they wished to vote. This they had the right to do.

Section 4748 of Pope's Digest contains the following provision: ''The primary election shall be conducted in conformity with this act and the general election laws of the state, and they shall be to all intents and purposes legal elections. . . .''

Section 4755 of Pope's Digest provides: ''All election ballots provided by the county election commissioners of any county in this state for any election shall be alike, and shall be printed in plain type; and shall contain in the proper place the name of every candidate whose nomination for any office to be filled at that election has been certified to the said commissioners, as provided for in this act, and shall not contain the name of any candidate or person which has not been so certified. Below the names of the candidates for each office nominated by the organized parties, as well as those nominated by electors, shall be left a blank space large enough to contain as many names in writing as there are offices to be filled.''

Section 4757 of Pope's Digest supplies a ballot form for general elections in which blank spaces are provided

for writing in the names of anyone whose name may not appear on the *printed* ballot but for whom the voter may elect to cast his vote. It is our view that the effect of the above statutes is to give the voter the right to write on the ballot the name of one for whom he might wish to vote in a primary election, as well as in a general election; that other names, other than those *printed* on the ballots, were written in by the voters, and that the learned trial judge was of the view that the voters were without such right is clearly indicated by the following language taken from his opinion: ". . . I am inclined, Mr. Woolsey, to have the committee certify out the names who were listed on the ballot, you can't write a man's name on it and let them be elected, there isn't any doubt in my mind about that; that is not the rule of the Democratic party."

Until it had been determined who had been elected committeemen from the various townships, no duty rested upon the county central committee to certify any certain names as having been elected.

Having reached the conclusion that the trial court was without authority to grant the writ and the relief prayed in the complaint, its judgment is reversed and the cause remanded with directions to sustain the demurrer.