Stroud *v.* M. M. Barksdale Lumber Co.

5-1576                     313 S. W. 2d 376

Opinion delivered May 26, 1958.

*Donald Poe* and *Shaver, Tackett & Jones,* for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellee.

Paul Ward, Associate Justice. The question for decision is whether the complaint and amended complaint filed in the trial court stated a cause of action.

On June 6, 1957 appellee, M. M. Barksdale Lumber Company, filed a complaint against "Stroud Brothers Lumber Company, Inc." in which it was alleged appellee sold to the said defendant a "lot of lumber for the price of" $1,382.43; that the amount was due, and; that demand for payment had been made and refused. The prayer was for payment in said amount. The complaint was verified. Also attached thereto, marked "Exhibit A," was a verified and detailed statement of the account of the aforementioned sum. This statement was made out to "Stroud Mills." On June 25, 1957 "Stroud Brothers Lumber Company, Inc." answered with a general denial.

On the 12th day of July, 1957 appellee filed a verified "Amended Complaint" in which it was stated:

"Plaintiff hereby amends his complaint by making S. V. Stroud and Roy Stroud, dba Stroud Milling Company with place of business at Mena, Polk County, Arkansas, as defendants; by making Raymond Stroud and Roy Stroud, doing business as Stroud Lumber Company, Inc., defendants; and prays judgment against S. V. Stroud and Roy Stroud and Raymond Stroud, against the Stroud Brothers Lumber Company, Inc., against Stroud Milling Company, against Stroud Lumber Company, Inc., in the amount of Thirteen Hundred Eighty-Two Dollars and Forty-Three Cents."

On the same day summons issued for the newly named defendants.

No answer or other pleading having been filed by the newly named defendants, appellee filed a verified Motion For Default Judgment on December 14, 1957. On December 27, 1957, no pleading still having been filed by any of said defendants, the trial court entered a default judgment in favor of appellee against "S. V. Stroud and Roy Stroud as individuals and dba Stroud Mill Company, and against Raymond Stroud and Roy Stroud as individuals and dba Stroud Lumber Company, Inc."

This appeal is prosecuted by those parties against whom the above judgment was rendered. The only question involved is, as stated by appellants, "whether the complaint and amended complaint state a cause of action upon which to base a default judgment against the defendants brought into litigation by the amended complaint."

It is our conclusion that the complaint and amended complaint, taken together, do state a cause of action against appellants. While the second complaint is denominated an "Amended" complaint, yet we think it should be treated as an "Amendment" to the first complaint. The first portion of the second paragraph begins as follows: "Plaintiff hereby amends his complaint by making S. V. Stroud and Roy Stroud . . . de-

fendants . . ." This portion of the amended pleadings, taken together with the rest of it, indicates clearly, we think, that it was not meant to take the place of the first complaint but to add to it. We have frequently stated, in effect, that a pleading will not be judged by what it is called but by what it contains. It was said in *Randolph* v. *Nichol,* 74 Ark. 93 (at page 101), 84 S. W. 1037: "But under our code of practice all forms of action are abolished, and relief is granted according to the facts alleged and proved, without regard to the form or denomination of the plea." To the same effect, see: *Clements* v. *Hamilton-Brown Shoe Company,* 99 Ark. 335, 138 S. W. 971; *Teal* v. *Thompson,* 180 Ark. 63, 20 S. W. 2d 307, and; *Railway Express Agency, Inc.* v. *H. Rouw Company,* 197 Ark. 1142, 127 S. W. 2d 251.

Also, under our system, we must construe pleadings liberally and give them every reasonable intendment. *Mason* v. *Gates,* 90 Ark. 241, 119 S. W. 70; *James* v. *Lloyd,* 196 Ark. 568, 118 S. W. 2d 284; *Central Supply Company* v. *Wren,* 198 Ark. 1090, 133 S. W. 2d 632, and; *Neal* v. *Parker,* 200 Ark. 10, 139 S. W. 2d 41.

Therefore, when we take both of appellee's pleadings, and considering them in accordance with principles above stated, we think all the appellants were aware of the fact that appellee was attempting to hold them liable for the lumber it had sold. It is of no avail to appellants that the statement was made out to "Stroud Mills" when it now appears that the correct name is "Stroud Mill Co. Inc." This issue was decided against appellants in the *Central Supply Company* case, *supra.* See also § 27-1155 Ark. Stats. and *Beavers* v. *Baucum,* 33 Ark. 722.

Appellants make no contention that proper service was not had on any of them, and since, as we have indicated above, the pleadings stated a cause of action, the judgment of the trial court must be affirmed.

Affirmed.