PURTLE *v.* WILCOX

5-3673                395 S. W. 2d 758

Opinion delivered November 22, 1965.

*Terral, Rawlings & Matthews* and *John I. Purtle,* for appellant.

*Rolland A. Bradley,* for appellee.

CARLETON HARRIS, Chief Justice. The question in this litigation is whether the complaint in question, together with amendments, is sufficient to state a cause of action as against a demurrer.

Billy J. Purtle, appellant herein, instituted suit against Kenneth Wilcox, appellee herein, and Mobil Oil Company, seeking a judgment in the sum of $4,000.00 for his interest in certain property, and the further sum of $1,000.00 because of alleged damages suffered. The complaint sets out that appellant and the Mobil Oil Com-

pany, on September 12, 1962, executed a written contract, wherein appellant became consignee for consignor, Mobil Oil Company, to handle their products in and around Conway, Arkansas. A copy of the contract was attached to the complaint as Exhibit "A", and made a part thereof.[1] The complaint further recites that the relationship of consignee and consignor existed until September 21, 1964, "at which time consignor attempted to end said contract by checking plaintiff out and entering into another contract whereby defendant Kenneth Wilcox was purportedly made the successor consignee." The suit is largely predicated on Section 16 of the contract, which reads as follows:

"Consignee shall not sell, grant options in respect of, nor, except in the ordinary course of conduct of Consignee's business, lease or otherwise dispose of any properties used in connection therewith without giving Consignor a sixty (60) day option within which to purchase or otherwise acquire the same on same terms and conditions, as those on which the Consignee is willing to make such disposition to any other party. Consignee shall give Consignor prompt written notice of said terms and conditions and shall submit a full and accurate copy of any bona fide offer received by Consignee, sworn to by Consignee as being a true copy of such offer. If Consignor exercises its option, it shall do so in writing sixty (60) days after receipt of such notice and the closing shall take place at Consignor's office at the above address thirty (30) days after the exercise of the option, whereupon Consignee shall, in the case of a sale, deliver to Consignor a full covenant and warranty deed, assignment or bill of sale as the case may be, conveying a good, marketable and clear title subject only to the liens and encumbrances which are specifically excepted in the proposed terms and conditions or, in the case of any other disposition, deliver to Consignor an instrument or instruments in form and substance satisfactory to Consignor

---

[1] In equity, written instruments filed as exhibits to the pleadings are considered a part thereof, and control the averments. *Arkansas Power & Light Company* v. *Kerr*, 204 Ark. 238, 161 S. W. 2d 403.

and sufficient to transfer the interest proposed to be disposed of."

Appellant asserts:

"That in accordance with item #16 'options' in said contract, the plaintiff conveyed to the defendant, Mobil Oil Company, a bona fide offer from E. D. Houston to purchase plaintiff's interest in said business. That said provision gave defendant, Mobil Oil Company, an option to purchase or otherwise acquire the plaintiff's interest on the same terms and conditions as the offer submitted to them by consignee. That consignor refused to accept E. D. Houston as consignee and instead contracted with Kenneth Wilcox to serve as their consignee.

"That the action of consignor amounts to an exercise of the option, and they are bound to pay for said interest the same amount offered by E. D. Houston. That the consignee has turned over all his interest to consignor and Kenneth Wilcox and is willing to execute a bill of sale or deed or other instrument.to either or both of the defendants upon their tender of the sum of $4,000.00, but that the defendants have failed and refused to perform their part of the contract.

"That the action of the consignor in refusing to accept E. D. Houston as consignee was arbitrary, capricious and done with the intent to deprive the plaintiff of a fair and reasonable amount of money for his interest in said business. That the said E. D. Houston was a fit and proper person to act as consignee."

Subsequently, the complaint was amended to show the Mobil Oil Company as a division of Socony-Mobil Oil Company, a New York corporation. Thereafter, Wilcox demurred to the complaint, and Purtle amended, alleging:

"That the defendant, Kenneth Wilcox, has conspired with the defendant, Mobil Oil Company, in an attempt to defraud the plaintiff out of his business and property.

"That the defendants are presently jointly engaged in acts depriving the plaintiff of benefits due him under

the contract attached to the original Complaint, and that unless they are enjoined from such acts, the plaintiff will be repeatedly damaged, and in order to avoid a multiplicity of suits, they should be enjoined from so acting."

Both Mobil and Wilcox then filed separate demurrers to the complaint as amended, and thereafter, Purtle filed a third amendment to his complaint. In this amendment, he alleged, *inter alia,* that, after becoming consignee:

"* * * he purchased a 1959 Dodge, two-ton chassis as a replacement for the 1949 Ford, and that the difference in value between the two is $1,000.00; that he transferred the tank from the old truck to the replacement at a cost of $300.00; that he improved four service sites at a cost of $1,450.00 and that the defendants will receive the benefit of these improvements in the future; and that he purchased two air compressors at a cost of $350.00, both of which he still has on hand, but for which he has no use for.

"That he contracted and added one service station and several farm accounts to the consignor's customers; and that he was out for labor and materials and other expenses the sum of $1,000.00 for these items.

"That he greatly increased the volume of business being done by Consignee and openly solicited and recommended their products to the public.

"That the defendants have acted together to unlawfully deprive the plaintiff of his properties under the contract and leave him with personal property on his hands which has little value to him as they have put him out of the oil and gas business. * * *

"That it is impossible for the plaintiff to recover and sell or use the expenses, equipment, and properties for installing underground equipment at service locations. That the defendants have possession and use of these properties and refuse to surrender possession or pay for same."

Again, separate demurrers were filed by both the company and appellee. On January 4, 1965, the court sustained the demurrer filed to the complaint, as amended, by Wilcox, finding that a cause of action had not been stated against appellee. Purtle's complaint, as amended, against Wilcox was thereby dismissed.[2] This appeal is from the decree so entered, Purtle contending that his allegations state a cause of action.

Appellant apparently construes section 16 to mean that if he (Purtle) obtains an offer from a third person to purchase his interest in the business, this offer must be communicated to Mobil Oil Company, which would then be required to purchase appellant's interest under the same terms and conditions as Purtle would receive under the offer from the third party. Also, Purtle is apparently asserting that he has a right to name his successor consignee. Here, he alleges that an offer had been received from one E. D. Houston to purchase his interest, and that Mobil "refused to accept E. D. Houston as consignee and instead contracted with Kenneth Wilcox to serve as their consignee.

"That the action of consignor amounts to an exercise of the option, and they are bound to pay for said interest the same amount offered by E. D. Houston."

Appellant has erroneously construed the contract. As we see it, Section 16 is a section designed solely for the benefit of the oil company, and permits it *at its option* to purchase, or otherwise acquire, under the same terms (as offered by the third party) properties used in connection with the business. The company is not required to meet any offer made, but has the privilege of doing so, if it desires to exercise the option. We find no language at all that could be construed as giving appellant the right to name his successor consignee.

Section 19 provides that either party has the right to terminate the contract at any time. Accordingly, appel-

---

[2] Mobil Oil Company is not involved in this appeal, but the record reflects that it subsequently filed an answer, and the case proceeded to trial. The court found that there was a mutual termination of the contract after negotiations for termination were initiated by appellant.

lec, under the facts alleged in the complaint, as amended, could not be held responsible for "putting plaintiff out of business."

In addition, the allegations are not legally sufficient to maintain an action. As stated in *Ocala Loan Company* v. *Smith* (Florida), 155 S. 2d 711:

"The complaint must be so framed as to allege the wrong complained of with sufficient certainty to clearly apprise the court and the defendant of the nature of the claim asserted. Mere legal conclusions are fatally defective unless substantiated by sufficient allegations of ultimate fact; and every fact essential to the cause of action must be pleaded distinctly, definitely, and clearly. * * *

"The requirements governing fraud apply to averments charging conspiracy."

In *Bryant* v. *Motors Ins. Corp.* (Ga.), 134 S. E. 2d 905, the court held that, in an action against an automobile dealer based on fraudulent misrepresentation regarding insurance, against insurer on insurance contract, and against finance company based on conspiracy, the finance company's general demurrer was properly sustained for failure to specifically allege facts constituting the fraud and how the finance company was involved therein. Numerous other cases from various jurisdictions are to the same effect. Here, appellant asserts that appellee had conspired with the oil company in an attempt to defraud Purtle out of his business and property, but no specific acts, or details, of the alleged conspiracy are set forth, and the allegation of fraud is a mere legal conclusion, insufficient to support the complaint against a demurrer.

For the reasons enumerated, the decree is affirmed.

It is so ordered.