## AMERICAN UNDERWRITERS INSURANCE CO. *v.* W. G. SHOOK

5-5115                                   449 S. W. 2d 402

### Opinion delivered January 26, 1970

*Gordon, Gordon & Eddy,* for appellant.

*Jones, Stratton & Jones,* for appellee.

FRANK HOLT, Justice. The appellant issued to the appellee a policy of liability insurance coverage. Subsequently appellee was involved in an accident which resulted in a verdict and judgment against him. On appeal we affirmed. *W. G. Shook et al* v. *Mrs. Jack Kellar et al,* 241 Ark. 616, 408 S. W. 2d 880 (1966). Thereupon the appellant paid the judgment to the extent of the policy limits and refused to pay the amount in excess. The appellee paid said excess and brought this action against the appellant to recover that payment. The appellee alleged in his complaint that an offer of settlement within the policy limits was made to the appellant insurance company, that the appellee made a demand upon the appellent to accept the offer of settlement; that

the appellant refused to accept the offer; and that upon proceeding to trial a verdict and judgment were rendered in an amount of $1,300 in excess of the policy limits which appellee had to pay. The appellee alleged "[T]hat defendant assumed all liability incurred on the trial of said cause, No. 5501, when plaintiff made demand on the defendant within policy limits, * * *." The trial court overruled appellant's demurrer and when the appellant refused to plead further, a judgment was rendered for appellee against the appellant for the excess of the policy limits plus interest, statutory penalty and attorney's fees.

On appeal appellant contends for reversal that the appellee's complaint does not state a cause of action and the appellant's demurrer should have been sustained and the complaint dismissed. We agree with appellant that the complaint was subject to a demurrer.

The appellant and appellee appear to be in agreement that under our cases a liability insurer may be liable to its insured for the amount of a judgment in excess of policy limits if the insurer, in refusing to settle a claim within the policy limits, was guilty of negligence or acted in bad faith. *Southern Farm Bureau Cas. Ins. Co.* v. *Parker,* 232 Ark. 841, 341 S. W. 2d 36 (1960); *Southern Farm Bureau Cas. Ins. Co.* v. *Hardin,* 233 Ark. 1011, 351 S. W. 2d 153 (1961). See, also, 44 Am. Jur. 2d, Insurance, § 1530, Appleman, Insurance Law & Practice, Vol. 7A, § 4711, et seq.

In appellee's complaint there is no allegation that the refusal to settle within the policy limits was based upon bad faith or negligence. It is appellant's theory that in order to state a cause of action in the case at bar the complaint must allege that the insurer either acted in bad faith or was negligent, or both, when the insurer rejected the proffered settlement within the policy limits. Appellee, however, submits that although neither the words "negligence" nor "bad faith" ap-

pear in the complaint, the allegations of the offer of settlement within the policy limits and the rejection by the appellant, resulting in appellee having to pay the excess, were sufficient allegations of fact from which negligence or bad faith, or both, could be reasonably inferred.

Appellee relies upon the well established rule that in testing the sufficiency of a complaint against a demurrer all well pleaded allegations and all inferences which can be reasonably drawn therefrom are admitted to be true and that every reasonable intendment and presumption are made in favor of the complaint and the demurrer should be overruled if the facts stated, together with every reasonable inference, constitute a cause of action. In other words, pleadings are liberally construed and every reasonable inference and intendment are indulged in favor of the pleader. *James* v. *Lloyd,* 196 Ark. 568, 118 S. W. 2d 284 (1938); *Central Supply Co.* v. *Wren,* 198 Ark. 1090, 133 S. W. 2d 632 (1939); *Dillinger* v. *Pickens,* 200 Ark. 218, 138 S. W. 2d 388 (1940); *Shopfner* v. *Clark,* 246 Ark. 70, 436 S. W. 2d 475 (1969).

In the case at bar we are of the view that an allegation that the settlement was rejected through negligence or bad faith is essential to the cause of action. In *Purtle* v. *Wilcox,* 239 Ark. 988, 395 S. W. 2d 758 (1965), the appellant alleged in his complaint that the appellee had conspired with another to defraud the appellant. However, no specific acts or details of the conspiracy were set forth. The trial court sustained a demurrer to the complaint. On appeal we held that the allegation of fraud is a mere legal conclusion and insufficient to support the complaint against a demurrer. There we quoted with approval:

"'The complaint must be so framed as to allege the wrong complained of with sufficient certainty to clearly apprise the court and the defendant of the

nature of the claim asserted. Mere legal conclusions are fatally defective unless substantiated by sufficient allegations of ultimate fact; and every fact essential to the cause of action must be pleaded distinctly, definitely, and clearly."

See, also, *Wilburn* v. *Moon,* 202 Ark. 899, 154 S. W. 2d 7 (1941); *L. A. Green Seed Company of Arkansas* v. *Williams,* 246 Ark. 463, 438 S. W. 2d 717 (1969); 41 Am. Jur., Pleading, § 212, p. 442.

In the case at bar appellee's complaint, when liberally construed, was subject to appellant's demurrer inasmuch as the complaint did not include the essential elements of negligence or bad faith. However, we do not agree with appellant that appellee's cause of action should be dismissed on appeal. The appellee should have the opportunity to amend his pleadings to contain the essential allegations of bad faith and/or negligence. Otherwise, the demurrer will be sustained.

We do not reach appellant's other point urged for reversal. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.